**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

STEVE RAGGS,

      Plaintiff,

v.

                                      Case No. 1:21-cv-00707

DRA LLC,

      Defendant.

## COMPLAINT

**NOW COMES** Plaintiff, STEVE RAGGS, through undersigned counsel, complaining of Defendant, DRA LLC, as follows

## NATURE OF THE ACTION

1.     This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.     STEVE RAGGS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 9435 South Wallace Street, Chicago, Illinois 60620.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     DRA LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of South Carolina.

1

7. Defendant maintains a principal place of business at 421 North Main Street, Simpsonville, South Carolina 29681.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## GENERAL ALLEGATIONS

10. The statute of limitations for written contracts and debts is ten years.

11. The statute provides further: "if any payment or new promise to pay has been made, in writing … within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay." 735 ILCS 5/13-206.

12. That is, a new payment or written promise to pay starts a new ten-year clock.

13. The five-year limit of 735 ILCS 5/13-205 seems to apply if the plaintiff-debt collector does not have written proof of the debt.

14. Illinois courts hold that a new promise to pay will also start a new five-year clock under this statute.

## FACTUAL ALLEGATIONS

15. Fifteen years ago, Plaintiff applied for and obtained an online payday loan from CashDirectExpress.

16. Because of financial hardship, Plaintiff's did not pay the loan back.

17.     Instead, on May 20, 2013, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.[1]

18.     On August 26, 2013, a discharge under 11 U.S.C. § 727 was granted to Plaintiff.

19.     Subsequently, Plaintiff's $720.00 balance was referred for collection.

20.     On or around January 4, 2021, Plaintiff started to receive phone calls from Defendant seeking payment on behalf of CashDirectExpress.

21.     Plaintiff answered this call.

22.     Defendant informed Plaintiff that they have "papers in office;" then offered to resolve Plaintiff's $720.00 balance.

23.     Ten days later, Plaintiff received another call.

24.     Once more, Defendant informed Plaintiff that they have "papers in office;" however, offered to resolve Plaintiff's $720.00 balance.

25.     Plaintiff offered to accept papers at police station; however, this fell on deaf ears.

26.     Instead, Defendant continued pressuring Plaintiff for payment.

27.     Annoyed and irritated, Plaintiff swore and ended this call.

28.     During either call, Defendant did not say the Illinois five-year (or ten-year) statute of limitations had run on Plaintiff's debt.

29.     Further, during either call, Defendant did not tell Plaintiff that partial payment will restart the statute of limitations.

30.     Each call is a "communication" as defined by 15 U.S.C. § 1692a(2).

---

[1] Ch-7 JSB 1:13-bk-21097

### DAMAGES

28.     Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C*., 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers."  15 U.S.C. § 1692(b).

29.     To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

30.     The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

31.     The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

32.     But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

33.     Here, Defendant failed to comply with its obligation to provide substantive information; instead, deceptively seeking to entice payment from Plaintiff.

34.     By doing so, Defendant presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect by enacting the FDCPA.

35.     Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

36.     Indeed, the United States Supreme Court has described the protection which a debtor derives from the entry of a discharge order as one of the "[c]ritical features of every bankruptcy proceeding…." *Cent. Virginia Cmty. Coll v. Katz*, 546 U.S. 356, 363-64, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006).

37.     Thus, "when a discharge injunction is violated, a debtor is denied one of the primary benefits offered by the present bankruptcy system." *Mooney v. Green Tree Servicing, LLC*, 340 B.R. 351, 358 (Bankr. E.D. Tex. 2006).

38.     Defendant's unlawful collection practices deprived Plaintiff of one of his fundamental protections and led Plaintiff to believe his bankruptcy was for naught, causing anxiety and emotional distress.

39.     The harm to Plaintiff is obvious – denying Plaintiff the ability for new beginnings— without feeling harassed.

40.     Concerned with having had his rights violated, Plaintiff engaged counsel— expending time and incurring attorney's fees to vindicate his rights.

5

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

41.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

42.     Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2)     The false representation of –
>
>> (A)     the character, amount, or legal status of any debt.
>
> (10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43.     Defendant indicated that Plaintiff's $720.00 balance was due immediately.

44.     However, Plaintiff's $720.00 balance was ***was not*** due and collectible due to the bankruptcy discharge injunction.

45.     It seems clear, then, that Defendant misrepresented the legal status of Plaintiff's $720.00 account balance, and used false representation(s) to collect or attempt to collect Plaintiff's debt in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10).  *See Randolph v. IMBS, Inc*., 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

6

### Violation of 15 U.S.C. § 1692f

46.     Section 1692f provides:

>       A debt collector may not use unfair or unconscionable means to collect or
>       attempt to collect any debt.

47.     Defendant clearly made "offers" to settle Plaintiff's $720.00 balance with savings.

However, they failed to include any indication that collection of Plaintiff's $720.00 balance is time-

barred or that payment on Plaintiff's $720.00 balance could revive the statute of limitations.

48.     Accordingly, Seventh Circuit precedent suggests that, as a matter of law,

Defendant's phone calls were misleading; violating 15 U.S.C. §§ 1692e(10) and f because they

were silent about the significant risk of losing the protection of the statute of limitations.

49.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10), and f

pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides

"any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices

Act] with respect to any person is liable to such person in an amount equal to the sum of –

> (1)     any actual damage sustained by such person as a result of such
>         failure;
>
> (2)
>
>         (A)     in the case of any action by an individual, such additional
>                 damages as the court may allow, but not exceeding
>                 $1,000.00; or
>
> (3)     in the case of any successful action to enforce the foregoing liability,
>         the costs of the action, together with reasonable attorney's fees as
>         determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.      find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10), and f;

B.      award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C.      award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.      award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.      award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 8, 2021               Respectfully submitted,

**STEVE RAGGS**

By: *_/s/ Joseph S. Davidson_*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com

8